UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
SEYFALI ERDEMIR,                                                       Civil Action No.

                Plaintiff,

    -against-

WAVERLY AVE INC., a/k/a
WAVERLY GAS AND FOOD MART.,
MEHMET SELIM SAVASCIOGLU, AHMET
YILDIZER, and KAYHAN SOM,

                Defendants.
----------------------------------------------------------------X

## COMPLAINT

The Plaintiff, Seyfali Erdemir, as and for his Complaint against the Defendants, Waverly Ave Inc., a/k/a/ Waverly Gas and Food Mart, Mehmet Selim Savascioglu, Ahmet Yildizer, and Kayhan Som, ("Defendants") respectfully alleges as follows:

### JURISDICTION AND VENUE

1. Plaintiff brings this action under the Fair Labor Standards Act (hereinafter the "FLSA"), 29 U.S.C. §§ 201 et seq., the New York Labor Articles 6 and 19, and the New York Codes, Rules, and Regulations 142-2.2 (hereinafter the "New York Labor Articles") to recover unpaid overtime compensation and for other relief.

2. Jurisdiction over Plaintiff's FLSA claims is based upon Section 216(b) of the FLSA, 29 U.S.C. § 216(b), and upon 28 U.S.C. § 1331.

3. The Court has supplemental jurisdiction over the plaintiff's state law claims pursuant to 28 U.S.C. §1367(a) because these claims are so related to the FLSA claims that they form part of the same case or controversy.

4. Venue in this district is appropriate under 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to these claims occurred in this judicial district.

## PARTIES

5. Plaintiff, Seyfali Erdemir ("Plaintiff"), was employed by Defendants as a Gas Attendant from on or about 2009 until December 2015.

6. Upon information and belief, Waverly Ave Inc., a/k/a/ Waverly Gas and Food Mart ("Waverly Gas") is a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

7. Upon information and belief, Waverly Gas maintains a place of business located at 455 Waverly Avenue, Patchogue, New York.

8. Upon information and belief Defendant Mehmet Selim Savascioglu ("Savascioglu") is a resident of the State of New York.

9. At all relevant times, Savascioglu was and still is a corporate officer of Waverly Gas. Upon information and belief, at all times relevant, Savascioglu exercised operational control over Waverly Gas, controlled significant business functions of Waverly Gas, determined employee salaries, made hiring decisions, and acted on behalf of and in the interest of Waverly Gas in devising, directing, implementing, and supervising the wage and hour practices and policies relating to the employees. As such, at all relevant times, Savascioglu has been an employer under the FLSA and the New York Wage and Hour Law.

10. Upon information and belief Defendant Ahmet Yildizer ("Yildizer") is a resident of the State of New York.

11. At all relevant times, Yildizer was and still is a corporate officer of Waverly Gas. Upon information and belief, at all times relevant, Yildizer exercised operational control over

Waverly Gas, controlled significant business functions of Waverly Gas, determined employee salaries, made hiring decisions, and acted on behalf of and in the interest of Waverly Gas in devising, directing, implementing, and supervising the wage and hour practices and policies relating to the employees. As such, at all relevant times, Yildizer has been an employer under the FLSA and the New York Wage and Hour Law.

12. Upon information and belief Defendant Kayhan Som ("Som") is a resident of the State of New York.

13. At all relevant times, Som was and still is a corporate officer of Waverly Gas. Upon information and belief, at all times relevant, Som exercised operational control over Waverly Gas, controlled significant business functions of Waverly Gas, determined employee salaries, made hiring decisions, and acted on behalf of and in the interest of Waverly Gas in devising, directing, implementing, and supervising the wage and hour practices and policies relating to the employees. As such, at all relevant times, Som has been an employer under the FLSA and the New York Wage and Hour Law.

## FACTS

14. At all times relevant to this action, Plaintiff was employed as a Gas Attendant for the benefit of and at the direction of defendants.

15. Plaintiff's responsibilities included pumping gas.

16. During the last 6 years of his employment, the plaintiff generally worked seven days a week.

17. During this time, plaintiff's work schedule was as follows: Monday through Thursday – 5:00 a.m. to 2:30 p.m.; Friday – 5:00 a.m. to 3:00 p.m; and Saturday and Sunday – 6:00 a.m. to 3:00 p.m.

18. During this time, plaintiff worked 66 hours each week.

19. During this time, plaintiff was not given any uninterrupted meal breaks.

20. During this time, plaintiff was paid by the hour.

21. During this time, plaintiff was paid straight time for all of the hours that he worked.

22. During this time, the defendants did not pay the Plaintiff overtime compensation.

23. During this time, the defendants did not pay the Plaintiff one and a half times his regular rate of pay when he worked more than 40 hours each week.

24. During the course of the Plaintiff's employment, the Defendants failed to maintain accurate time records for the hours that the plaintiff worked.

25. Defendants managed Plaintiff's employment, including the amount of overtime worked.

26. Defendants dictated, controlled, and ratified the wage and hour and all related employee compensation policies.

27. Defendants were aware of Plaintiff's work hours, but failed to pay Plaintiff the full amount of wages to which he was entitled for this work time under the law.

28. Defendants' failures to pay proper wages in a timely manner have been made without good faith, willfully, and with a reckless disregard for Plaintiff's rights; and Plaintiff has been damaged by such failures.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT
## 29 U.S.C. §201 ET SEQ.
## FAILURE TO COMPENSATE FOR OVERTIME

29. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

30. The FLSA regulates the payment of wages by employers whose employees are "engaged in commerce or engaged in the production of goods for commerce, or are employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 207(a)(1).

31. The corporate Defendant was and is subject to the overtime pay requirements of the FLSA because said Defendant is an enterprise engaged in commerce or in the production of goods for commerce.

32. Upon information and belief, the gross annual volume of sales made or business done by the corporate Defendant for the years 2015, 2014, and 2013 was not less than $500,000.00.

33. At all times relevant to this action, Plaintiff was entitled to the rights, benefits, and protections granted by the FLSA, 29 U.S.C. § 207, *et seq*.

34. Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least one and one half times the employee's regular rate of pay, for all hours worked in excess of 40 per week.

35. By the above-alleged conduct, Defendants have violated the FLSA by failing to pay the plaintiff overtime compensation as required by the FLSA.

36. Section 13 of the FLSA, 29 U.S.C. §213, exempts certain categories of employees from the overtime compensation requirements set forth in Section 207(a)(1) of the FLSA.

37. However, none of the Section 13 exemptions apply to the Plaintiff because he has not met the requirements for coverage under the exemptions.

38. Defendants have acted willfully and have either known that their conduct violated the FLSA or have shown reckless disregard for the matter of whether their conduct violated the FLSA.

39. Defendants have not acted in good faith with respect to the conduct alleged herein.

40. As a result of Defendants' violations of the FLSA, Plaintiff has incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation, pursuant to 29 U.S.C. § 216(b).

## COUNT II
### VIOLATION OF THE NEW YORK LABOR ARTICLE 6 AND 19
### FAILURE TO PAY OVERTIME UNDER NEW YORK LABOR LAW

41. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

42. At all times relevant to this Action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§2 and 651.

43. Under New York law, an employee must be paid overtime, equal to one and one half times the employee's regular rate of pay, for all hours worked in excess of 40 per week in the manner and methods provided by the FLSA. 12 NYCRR §142-2.2.

44. By the above-alleged conduct, Defendants failed to pay plaintiff overtime compensation as required by the New York Labor Articles.

45. By the above-alleged conduct, Defendants have failed to pay plaintiff overtime compensation for the time periods in which he worked in excess of forty hours a week for defendants.

46. Plaintiff is not exempt from the overtime provisions of the New York Labor Articles, because he has not met the requirements for any of the reduced number of exemptions available under New York law.

47. Defendants have acted willfully and have either known that their conduct violated the New York Labor Articles or have shown a reckless disregard for the matter of whether their conduct violated the New York Labor Articles. Defendants have not acted in good faith with respect to the conduct alleged herein.

48. As a result of Defendants' violations of the NYLL, Plaintiff has incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation, pursuant to the NYLL.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, by and through his attorneys, Neil H. Greenberg & Associates, P.C., demand judgment against Defendants, jointly and severally and in favor of Plaintiff, for a sum that will properly, adequately, and completely compensate Plaintiff for the nature, extent, and duration of the damages, costs of this action, and as follows:

A. Declare and find that the Defendants committed one or more of the following acts:

1. Violated provisions of the FLSA by failing to pay overtime wages to Plaintiff;

2. Willfully violated overtime provisions of the FLSA;

3. Violated the provisions of the NYLL by failing to pay overtime wages to Plaintiff;

4. Willfully violated the overtime wages of the NYLL.

B.  Award compensatory damages, including all overtime compensation owed, in an amount according to proof;

C.  Award interest on all NYLL overtime compensation and other compensation due accruing from the date such amounts were due;

D.  Award all costs, attorney's fees incurred in prosecuting this action as well as liquidated damages under the FLSA and NYLL; and

E.  Provide such further relief as the Court deems just and equitable.

Dated: Westbury, New York
December 15, 2015

Neil H. Greenberg & Associates, P.C.
By: Neil H. Greenberg, Esq.
Attorneys for the Plaintiff
900 Merchants Concourse, Suite 314
Westbury, New York 11590
(516) 228-5100

## FAIR LABOR STANDARDS ACT CONSENT FORM

I, the undersigned, consent to be a party in **Erdemir v.** _Waverly Ave Inc. et al_ in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. section 216(b).

Dated: Westbury, New York
October 20, 2015

_____
**Seyfali Erdemir**