# NEGOTIATED SETTLEMENT AGREEMENT & RELEASE

This Agreement and Release ("Agreement") is made by and between Waverly Ave Inc. a/k/a Waverly Gas and Food Mart, Mehmet Selim Savascioglu, Ahmet Yildizer and Kayhan Som, on their own behalf and on behalf of their subsidiaries, divisions, branches, counsel, predecessors, successors and assigns, and their past and present officers, directors, trustees, shareholders, employees, agents, administrators, representatives, attorneys, insurers or fiduciaries in their individual and/or representative capacities ("Defendants"), and Seyfali Erdemir, on his own behalf and on behalf of his heirs, executors, administrators, successors and assigns ("Plaintiff") (the Plaintiff and Defendants are hereinafter collectively referred to as the "Parties").

WHEREAS, Defendants and Plaintiff are parties to a lawsuit in the United States District Court for the Eastern District of New York, entitled *Erdemir v. Waverly Ave Inc. a/k/a Waverly Gas and Food Mart et al.*, 15 CV 7163 (SJF)(GRB) (the "Civil Action");

WHEREAS the Defendants and the Plaintiff to that lawsuit wish to reach a compromise of that Civil Action;

WHEREAS, the Parties understand and agree that Defendants for themselves and any and all present and former affiliated entities, predecessor entities, successor entities and their respective present and former officers, partners, directors, board members, principals, trustees, professional employer organizations, administrators, executors, agents, owners, shareholders, employees, and assigns, individually and in their official capacities, including but not limited to, Waverly Ave Inc. a/k/a Waverly Gas and Food Mart, Mehmet Selim Savascioglu, Ahmet Yildizer and Kayhan Som deny each and every assertion of wrongdoing with respect to the Plaintiff;

WHEREAS, the Parties understand and agree that neither the making of this Negotiated Settlement Agreement, nor anything contained herein shall, in any way, be construed or considered to be an admission by Defendants of liability, guilt or noncompliance with any federal, state, city, or local statute, constitution, rule, ordinance, public policy, human rights or civil rights law, wage-hour law, wage-payment law, tort law, contract, common law, or of any other wrongdoing, unlawful conduct, liability or breach of any duty whatsoever to the Plaintiff. It is expressly understood and agreed that this Agreement is being entered into solely for the purpose of avoiding the costs of litigation and amicably resolving all matters in controversy, disputes, causes of action, claims, contentions and differences of any kind whatsoever which have been or could have been alleged by the Parties against each other; and

WHEREAS, the Plaintiff, with full assistance and through consultation with counsel, freely and voluntarily enter into this Agreement in exchange for the promises contained herein which pertain to Defendants and the full payment due from Defendants as provided for herein; and

WHEREAS, the Court has made no findings as to the merits of the Complaint; and

WHEREAS, the terms and conditions of this Agreement, including the Release incorporated herein, have been explained to the Parties by their counsel;

3245145.1

NOW THEREFORE, in consideration of the foregoing, the mutual promises and the Release contained herein and for other good and valuable consideration, the sufficiency of which is hereby acknowledged, the Parties each agree as follows:

1. In consideration for the payment of THIRTY SIX THOUSAND DOLLARS ($36,000.00) ("the Settlement Payment") as set forth in paragraph 2.a.herein, Plaintiff hereby completely releases, waives and forever discharges any and all claims of any kind against Defendants, their parent and affiliate companies, subsidiaries, divisions, business units, committees, groups, insurers and their predecessors, successors, assigns, trustees, administrators, executors, agents, accountants, attorneys, as well as their former and current employees (collectively referred to as "RELEASEES"), whether known or unknown, which against the RELEASEES, Plaintiff or Plaintiff's heirs, executors, administrators, successors, and/or assigns, may now have or hereinafter can, shall or may have, for alleged unpaid overtime pay arising from the Plaintiff's claims under the Fair Labor Standards Act, 29 U.S.C. section 201 and for alleged unpaid overtime pay and spread of hours compensation arising from the Plaintiff's claims under the New York Labor Law as well as section 650 et seq., including Part 142, section 142-2.2 and section 142-2.4 of Title 12 of the Official Compilation of Codes, Rules and Regulations promulgated by the Commissioner of Labor pursuant to the Minimum Wage Act (Article 19 of the New York State Labor Law), from the beginning of the world to the day and date Plaintiff signs this Agreement up to and including the date of the complete execution of this Agreement; this Release also includes claims arising under the New York Executive Law section 296 et seq.; Title VII of the Civil Rights Acts of 1964 and 1991, as amended; the Civil Rights Act of 1966; the Employee Retirement Income Security Act of 1974, as amended; the Occupational Safety and Health Act; the National Labor Relations Act, as amended; the Americans with Disability Act of 1990; the Worker Adjustment and Retraining Notification Act; and all Federal, State and local statutes, regulations, decisional law and ordinances and all human rights, fair employment, contract and tort laws relating to Plaintiff's employment with the Defendants and/or the separation thereof including, again by way of example but without limitation, the New York State Human Rights Law, any civil rights or human rights law, as well as all claims for or concerning wrongful discharge, breach of contract, personal injury, defamation, mental anguish, injury to health and reputation, working conditions and fraud, which Plaintiff ever had, now has, or which Plaintiff hereafter can, shall or may have for, upon or by reason of any matter, cause or thing whatsoever without limitation arising out of or relating to Plaintiff's employment by the Defendants, the termination thereof, and/or the negotiation and/or execution of this Agreement, and every and any other claim from the beginning of the world to the date hereof. This release shall not extend to any rights for unemployment benefits.

Defendants hereby irrevocably and unconditionally release, waive and forever discharge any and all claims, charges, complaints, judgments, or liabilities against Plaintiff, his heirs, executors, assigns, successors, representatives, attorneys, affiliates, and all persons acting by, through, under, or in concert with any of them, which Defendants had, may have had, or now have against Plaintiff, whether known or unknown, for or by reason of any matter, cause or thing whatsoever, including, but not limited to, any claim arising out of or attributable to Plaintiff's employment or the termination of his employment with Defendants, from the beginning of time until the date of the execution of this Agreement.

3245145.1

2. The Settlement Payment shall be delivered to the offices of Plaintiff's counsel, Neil H. Greenberg & Associates, P.C., 4242 Merrick Road, Massapequa, , New York 11758 and paid as follows:

    a. Within 5 days of the Court approving this Agreement, Defendants shall:

        Issue a check to Erdemir in the amount of Thirteen Thousand Dollars ($13,000.00), made payable to "Seyfali Erdemir". Defendants shall issue an IRS Form 1099 to Seyfali Erdemir in connection with this payment.

        Within 45 days of the Court approving this Agreement, Defendants shall issue a check to Plaintiff in the amount of Twelve Thousand Dollars ($12,000.00), made payable to "Seyfali Erdemir". Defendants shall issue an IRS Form 1099 to Seyfali Erdemir in connection with this payment.

        Within 90 days of the Court approving this Agreement, Defendants shall issue a check made payable to Neil H. Greenberg & Associates, P.C. in the amount of Eleven Thousand Dollars ($11,000.00). Defendants shall issue an IRS Form 1099 to Neil H. Greenberg & Associates, P.C. in connection with this payment.

3. On or about January 31, 2017, Plaintiff shall receive from Defendants and Defendants shall file with the Internal Revenue Service a Form 1099 reflecting payment to the Plaintiff of that portion of the Settlement Payment which was received by him in the prior calendar year. Plaintiff shall be responsible to pay all Federal, State and local taxes in connection with that portion of the Settlement Payment which was received by him.

4. The Parties acknowledge that the RELEASEES do not admit that they have done anything wrong or treated Plaintiff unlawfully, and the RELEASEES specifically state that they have not violated or abridged any federal, state, or local law or ordinance, or any right or obligation that they may owe or may have owed to the Plaintiff.

5. If any provision of this Agreement is held by a court of competent jurisdiction to be illegal, void or unenforceable, such provision shall have no effect; however, the remaining provisions shall be enforced to the maximum extent possible.

6. Upon delivery to the Defendants of a fully executed Agreement & Release, the Plaintiff shall deliver to Defendants' counsel an executed Stipulation of Dismissal with Prejudice dismissing all claims in the Civil Action with prejudice and without costs or fees assessed against any party except as provided for in this agreement. Additionally, upon receipt of a fully executed Agreement & Release, Plaintiff shall immediately file a motion for approval of the Settlement of the Civil Action and request that the Civil Action be dismissed with prejudice.

7. Plaintiff agrees to not make any oral or written communication of a false or defamatory nature to any person or entity which disparages Defendants in any way. Moreover, the individual Defendants agree not to make any oral or written communication of a false or defamatory nature to any person or entity which disparages Plaintiff in any way. Defendants agree that they will respond to any requests for an employment reference regarding Plaintiff by stating the following, and only the following: Plaintiff's dates of employment and job title.

8. Plaintiff acknowledges that his employment with Defendants has ended, that upon receipt of the monies set forth herein he has been paid in full for all time worked and is owed no other forms of compensation, including, but not limited to, any wages, vacation or sick pay, accrued benefit, bonus or commission. Plaintiff further voluntarily and unequivocally acknowledges and agrees that by entering into this Agreement, he voluntarily and knowingly waives any and all rights to re-employment with Defendants, and will not seek employment with Defendants or either one of them or any entity owned or controlled by either one of them at any time. Plaintiff understands that, to the extent permitted by law, Plaintiff waives all rights to redress for any rejection of such future applications for re-employment by or reinstatement with such entities or persons.

9. Enforcement of this Agreement shall be governed and interpreted by, and under, the laws of the State of New York, regardless of whether any party is, or may hereafter be, a resident of another state.

10. No waiver, modification, or amendment of the terms of this Agreement shall be valid or binding unless in writing, signed by or on behalf of all of the Parties, and then only to the extent set forth in such written waiver, modification or amendment.

11. This Agreement shall be binding upon, and inure to the benefit of, the parties and their affiliates, beneficiaries, heirs, executors, administrators, successors, and assigns.

12. This Agreement shall not be construed to create rights in, grant remedies to, or delegate any duty, obligation or undertaking established herein to, any third party as a beneficiary of this Agreement.

13. This Agreement constitutes the entire agreement of the Parties concerning the subjects included herein. This Agreement may not be changed or altered, except in writing and signed by all Parties.

14. In any interpretation of this Agreement the masculine, feminine or neuter pronouns, respectively, shall include the other genders.

15. This Agreement shall become effective upon its execution by all parties.

16. The Parties agree not to seek any interest, fees or costs from each other and, except as provided in this Agreement, agree to be responsible for the payment of their own attorneys' fees, costs and disbursements incurred in connection with the Claim.

17. This Agreement may be executed in two or more counterparts, each of which together shall be deemed an original, but all of which together shall constitute one and the same instrument. In the event that any signature is delivered by facsimile transmission or by e-mail delivery of an ADOBE ".pdf" format data file, such signature shall create a valid and binding obligation of the party executing (or on whose behalf such signature is executed) with the same force and effect as if such facsimile or ".pdf" signature page were an original thereof.

18. This Agreement supersedes all prior agreements or understandings of any kind, whether oral and written, and represents the entire Agreement. This Agreement is intended to provide a memorialize the full and final compromise and settlement of all matters in controversy, disputes, causes of action, claims, contentions and differences between the parties to this Agreement. This Agreement represents the entire understanding of the parties with respect to the subject matter hereof.

IN WITNESS WHEREOF, Plaintiff and Defendants have duly executed this Agreement & General Release.

[Signature pages follow]

_____
SEYFULI ERDEMIR

_____
WAVERLY AVE INC. a/k/a WAVERLY GAS AND FOOD MART
By: _____

_____
MEHMET SELIM SAVASCIOGLU

_____
AHMET YILDIZER

_____
KAYHAN SOM

5

3245145.1